# EXHIBIT A

**BERKOWITZ, LICHTSTEIN, KURITSKY,**
**GIASULLO & GROSS, LLC**
John C. Messina, Esq. ID: 025411985
75 Livingston Avenue
Roseland, New Jersey 07068
P: 973-325-7800 | F: 973-325-7930
Attorneys for Plaintiff

| | |
|---|---|
| CARL LUPIA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PORT AUTHORITY TRANS-HUDSON CORPORATION,<br><br>　　　　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – HUDSON COUNTY<br><br>Docket No.  HUD-L-669-19<br><br>Civil Action<br><br>　　　　　　　**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  February 19, 2019　　　　　　　　　　　　　　　_Michelle Smith_
　　　　　　　　　　　　　　　　　　　　　　　　　　　Acting Clerk of the Superior Court

　　　　NAME OF DEFENDANT TO BE SERVED:　　Port Authority Trans-Hudson Corporation c/o Robert
　　　　　　　　　　　　　　　　　　　　　　　　　Hayes, Registered Agent
　　　　ADDRESS OF DEFENDANT TO BE SERVED:　241 Erie Street, Jersey City, New Jersey 07310

**BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC**
John C. Messina, Esq. ID: 025411985
75 Livingston Avenue
Roseland, New Jersey 07068
P: 973-325-7800 | F: 973-325-7930
Attorneys for Plaintiff

| | |
|---|---|
| CARL LUPIA, <br><br> Plaintiff, <br><br> v. <br><br> PORT AUTHORITY TRANS-HUDSON CORPORATION, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – HUDSON COUNTY <br><br> Docket No. <br><br> Civil Action <br><br> **COMPLAINT** |

By way of Complaint, plaintiff, Carl Lupia, by and through his attorneys, Berkowitz Lichtstein, Kuritsky, Giasullo & Gross, LLC, says:

### PARTIES

1. Plaintiff Carl Lupia ("Lupia" or "Plaintiff") is a New Jersey resident, residing at 2 Adriene Court, Wantage, New Jersey, 07461.

2. Defendant Port Authority Trans-Hudson Corporation ("PATH" or "Defendant") is a wholly owned subsidiary of Port Authority of New York and New Jersey, and has a business address for purposes hereof located at 1 Path Plaza, Journal Square, Jersey City, New Jersey 07306.

### PROCEDURAL HISTORY

3. On November 13, 2018, Plaintiff served a Notice of Claim upon the Defendant in accordance with N.J.S.A. 32:1-163. Defendant failed to respond.

4. On November 15, 2018, Plaintiff filed a written Charge of Discrimination with the Equal Employment Opportunity Commission, which was issued Charge No. 524-2019-304C. On November 19, 2018, Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunity Commission, which was issued Charge No. 524-2019-366. A Right to Sue letter has not yet been issued in connection with either charge.

## FACTUAL ALLEGATIONS

5. Lupia has been employed by PATH for a period exceeding fifteen (15) years.

6. He currently holds the position of Tower Operator.

7. His prior position was Operations Examiner.

**Lupia Becomes Disabled as a Result of a Workplace Injury.**

8. In the course of performing his duties as Operations Examiner, Lupia suffered a workplace injury on February 11, 2015, resulting in spinal injuries and associated disability.

9. Lupia became disabled as a result of the aforestated injuries.

10. Lupia remained able to perform the essential functions of his position as Operations Examiner with or without a reasonable accommodation.

11. PATH placed Lupia on light duty as a reasonable accommodation for his disability.

**PATH Places Lupia on Light Duty until February 2018.**

12. Lupia filed a lawsuit against PATH in connection with his injury, seeking to recovery for the personal injuries he suffered as a result of the dangerous condition maintained by PATH.

13. PATH continued Lupia on light duty as a reasonable accommodation for his disability throughout the prosecution of the lawsuit.

14. In February 2018, a jury trial was conducted in the lawsuit, which resulted in Lupia being awarded a verdict against PATH.

### PATH "Medically Disqualifies" Lupia from the Operations Examiner Position.

15. On February 28, 2018, one week following the trial verdict, PATH determined that Lupia was "medically disqualified" from his position as Operations Examiner.

16. PATH terminated Lupia's light duty accommodation.

17. Lupia remained able to perform the essential functions of the Operations Examiner position with or without a reasonable accommodation.

18. PATH lacked an objective medical basis to disqualify Lupia from his position.

19. PATH terminated Lupia from his position as Operations Examiner.

### PATH Fails to Provide Lupia Job Reassignment as a Reasonable Accommodation.

20. Lupia requested job reassignment and/or transfer to a vacant position as a reasonable accommodation for his disability.

21. PATH regularly provides job reassignment as an accommodation to disabled employees.

22. It would not have constituted an undue hardship for PATH to provide Lupia with job reassignment.

23. PATH failed to engage in an interactive process to offer Lupia a reasonable accommodation.

24. Upon information and belief, multiple positions for which Lupia is qualified were and have been available within PATH and/or Port Authority.

25. Upon information and belief, many of those vacant positions were and have been closely equivalent to Lupia's prior position in terms of pay, status and other relevant factors.

26. PATH failed to transfer or reassign Lupia into a vacant position which is closely equivalent to his prior position.

27. PATH failed to engage in a good faith interactive process to determine whether Lupia could be transferred into a vacant position as a reasonable accommodation.

28. PATH required Lupia to find and apply to open positions on his own, without assistance.

**PATH Fails to Transfer Lupia into Several Vacant Positions for Which He Was Qualified.**

29. Without assistance from PATH, Lupia identified and applied to several vacant positions for which he was qualified and that were closely equivalent to his prior position in terms of pay, status and other relevant factors.

30. The vacant positions identified and applied to by Lupia included: (1) Train Dispatcher; and (2) Assistant Trainmaster (collectively "Equivalent Positions").

31. Upon information and belief, there were also other vacant positions within PATH that Lupia was qualified to perform and which were closely equivalent to his prior position.

32. PATH determined that Lupia met the eligibility requirements for the Equivalent Positions.

33. However, PATH failed to reassign Lupia to the Equivalent Positions.

34. Instead, PATH required Lupia to compete, interview and/or take written and oral examinations for the Equivalent Positions.

35. PATH hired other, non-disabled, individuals into the Equivalent Positions.

**Lupia is Hired as a Tower Operator, a Significantly Inferior Position.**

36. In addition to the Equivalent Positions, Lupia applied for a position as Tower Operator.

-4-

37. The Tower Operator position is significantly inferior to Lupia's prior position in terms of pay, status and other relevant factors.

38. PATH required Lupia to compete, interview and take examinations for the Tower Operator position.

39. In September 2018, PATH hired Lupia into the Tower Operator position.

40. In the Tower Operator's position, Lupia's compensation has been significantly decreased, he is required to work overnight shifts and he has suffered a significant diminution in the non-monetary terms of his compensation.

41. Through his transfer to the position of Tower Operator Lupia has been demoted to a position of significantly lessor authority.

42. Defendant has continued to take adverse actions against Lupia, including subjecting him to improper examination requirements, refusing to provide Lupia with accrued benefits, and other actions designed to negatively impact the terms and conditions of Lupia's employment.

43. There are currently vacant positions which Lupia is qualified to perform within PATH, with or without a reasonable accommodation, including: (1) Station Supervisor; and (2) Assignment Coordinator.

44. Lupia has requested transfer to these open positions as a reasonable accommodation for his disability.

**COUNT ONE**
**(Failure to Accommodate Disability in Violation of**
**Americans with Disabilities Act, Rehabilitation Act of 1973 and New Jersey Law Against**
**Discrimination)**

45. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

46. Plaintiff's spinal injuries and resulting physical limitations constitute disabilities under the Americans with Disabilities Act (ADA), Section 504 of Rehabilitation Act of 1973 ("Rehabilitation Act") and New Jersey Law Against Discrimination ("NJLAD").

47. Plaintiff provided Defendant with medical documentation supporting his need for a reasonable accommodation.

48. At all relevant times, Plaintiff is and has been able to perform the essential functions of his position as Operations Examiner with or without a reasonable accommodation, including job restructuring or modification and/or has been able to perform equivalent positions available within PATH and/or Port Authority.

49. Plaintiff requested a reasonable accommodation in the form of job restructuring, modification, reassignment and transfer to an equivalent position and/or light duty.

50. Plaintiff's requested accommodations were reasonable and did not impose an undue burden on Defendant.

51. Defendant failed to provide Plaintiff with a reasonable accommodation in violation of the ADA, Rehabilitation Act and NJLAD.

52. Defendant failed to accommodate Plaintiff in violation of the ADA, Rehabilitation Act and NJLAD by terminating his employment as Operations Examiner, and refusing to transfer him into an equivalent position.

53. Defendant failed to engage in a good faith interactive process to determine whether Plaintiff could be reasonably accommodated.

54. Defendant's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm to Plaintiff.

55. Defendant caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

### COUNT TWO
### (Retaliation in Violation of
### Americans with Disabilities Act, Rehabilitation Act of 1973 and New Jersey Law
### Against Discrimination)

56. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

57. Plaintiff suffers from a disability as defined by the ADA, Rehabilitation Act and NJLAD.

58. Plaintiff sought accommodation for his disability in the form of job restructuring, modification, reassignment and transfer to an equivalent position and light duty.

59. Defendant provided Plaintiff with a temporary accommodation in the form of light duty and a modified work schedule.

60. Defendant retaliated against Plaintiff for requesting and/or obtaining a reasonable accommodation in violation of the ADA, Rehabilitation Act and NJLAD.

61. Defendant's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm to Plaintiff.

62. Defendant caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage

award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT THREE
### (Disability Discrimination in Violation of Americans with Disabilities Act, Rehabilitation Act of 1973 and New Jersey Law Against Discrimination)

63. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

64. Plaintiff suffers from a disability as defined by the ADA, Rehabilitation Act and NJLAD.

65. Defendant's actions against Plaintiffs outlined above constituted disparate treatment of and against Plaintiff, in violation of the ADA Rehabilitation Act and NJLAD.

66. As outlined above, Defendant, with discriminatory intent, terminated Plaintiff's employment as Operations Examiner and failed to hire him into the Equivalent Positions on the basis of his disability, while similarly situated employees who were not disabled did not suffer any adverse employment action.

67. Defendant's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

68. Defendant caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT FOUR
### (Retaliation in Violation of the Family and Medical Leave Act of 1993)

69. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

70. Plaintiff engaged in protected activity under the Family and Medical Leave Act of 1993 (FMLA) by requesting and taking medical leave in connection with a serious medical condition sustained as a result of a workplace accident.

71. Defendant took adverse employment actions against Plaintiff in retaliation for such protected activity, including terminating his employment as Operations Examiner, failing to provide a reasonable accommodation to Plaintiff, demoting Plaintiff to the position of Tower Operator, and taking additional adverse employment actions to terminate Plaintiff's employment by PATH.

72. A direct and proximate causal relationship exists between Plaintiff's protected activity and the adverse employment actions taken by PATH, in violation of the FMLA.

73. Defendant's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

74. Defendant caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and seeks damages for back pay, reinstatement or front pay, lost benefits, liquidated damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, Carl Lupia, demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

John C. Messina is hereby designated as trial counsel in this matter.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff, John C. Messina

By: _____
John C. Messina, Esq.

Dated: February 13, 2019

## CERTIFICATION PURSUANT TO R. 4:5-1

I HEREBY CERTIFY in accordance with New Jersey Civil Practice R. 4:5-1, that, to the best of my knowledge, information and belief, the instant matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. I am not presently aware of any other parties who should be joined in this action.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff, John C. Messina

By: _____
John C. Messina, Esq.

Dated: February 13, 2019

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-000669-19**

**Case Caption:** LUPIA CARL VS PORT AUTHORITY TRANS -HUDSON C
**Case Initiation Date:** 02/13/2019
**Attorney Name:** JOHN MESSINA
**Firm Name:** BERKOWITZ LICHTSTEIN KURITSKY GIASULLO & GROSS, LLC
**Address:** 75 LIVINGSTON AVE ROSELAND NJ 07068
**Phone:**
**Name of Party:** PLAINTIFF : Lupia, Carl
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES
**If yes, is that relationship:** Employer/Employee
**Does the statute governing this case provide for payment of fees by the losing party?** YES
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/13/2019                                                                                      /s/ JOHN MESSINA
Dated                                                                                                            Signed

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY       NJ 07306
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    FEBRUARY 13, 2019
                         RE:      LUPIA CARL  VS PORT AUTHORITY TRANS -HUDSON C
                         DOCKET:  HUD L -000669 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY E. ESPINALES-MALO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 795-6908.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: JOHN MESSINA
                                   BERKOWITZ LICHTSTEIN KURITSKY
                                   75 LIVINGSTON AVE
                                   ROSELAND          NJ 07068

ECOURTS
```

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010